IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEONARD WINDELL WATERS,

    Plaintiff,

v.                                           CASE NO. 1:07-cv-00158-MP-GRJ

WILLIAM P CERVONE, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case has been pending since August 27, 2007, without a viable complaint for service. (Doc. 1.) Despite Plaintiff having been granted more than ample time to prosecute this case, Plaintiff has failed to comply with the Court's previous orders and has done nothing to advance this case. Accordingly, for the reasons explained below, the case should be dismissed.

## DISCUSSION

This case concerns Plaintiff's claim that he was listed as a sex offender even though he allegedly was not convicted for a sex offense crime. Apparently, on May 15, 2006, before Plaintiff was released from prison, the state judge issued an order finding that the Plaintiff did not meet the criteria for sexual offender registration and notification under Florida law. Thus, because any issue of whether the Plaintiff should be registered as a sex offender was resolved before he was released from prison it is highly questionable whether Plaintiff could pursue a claim. Nonetheless, on August 27, 2007 Plaintiff filed this case. Since that date, the Court reviewed Plaintiff's Complaint, granted Plaintiff permission to proceed *in forma pauperis* and on December 7, 2009 ordered

Plaintiff to file an amended complaint no later than December 28, 2009 if Plaintiff wished to proceed with the case. On April 7, 2010 the Court granted Plaintiff's request for an extension of time because of serious health issues and stayed the case through July 5, 2010. (Doc. 22.) Plaintiff failed to take any further action by July 5, 2010 and consequently, the Court entered an Order on August 17, 2010 lifting the stay and directing Plaintiff to file his amended complaint no later than September 15, 2010. (Doc. 25.) Before the expiration of that time period Plaintiff filed a motion the effect of which was to obtain additional time to file his amended complaint. (Doc. 26.) On September 27, 2010 the Court granted Plaintiff's request and extended the time until October 15, 2010 for Plaintiff to file his amended complaint. (Doc. 28.) The Court warned Plaintiff that no further extensions of time would be granted. Almost four months have passed since the last deadline and Plaintiff has failed to file the amended complaint or any other document seeking to advance this case

      A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. of Human Resources, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.

      As detailed above despite the fact that this case has been pending for more than three years Plaintiff has failed to file a complaint which states a cognizable claim and has failed to do anything to advance this case. The Court graciously has granted Plaintiff's several extensions and even stayed this case for a period of time because of

Plaintiff's alleged health issues. More than four months have passed since the most current deadline and Plaintiff has failed to file anything further. While the Court has been generous in granting Plaintiff sufficient opportunities to proceed with this case, Plaintiff has chosen to do nothing. As with all cases, there is a point where the Court cannot permit a case to languish on the docket. As the expression goes "All good things must come to an end" and based on this record this case is one of them.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and for failure to obey an order of this Court.

At Gainesville, Florida, this 4th day of February, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

.